Mr. Justice Clayton
delivered the opinion of the court.
In the year 1828, Rachel Renieh being about to intermarry with the appellant, John D. Carroll, both parties being residents of the state of Tennessee, entered into an agreement with him, by which it was stipulated that certain slaves, the property of said Rachel, should be vested in a trustee, “ for the use of said Rachel, during her natural life, and from the termination of that estate, to the heirs of her body and their heirs forever, and in case she should die without such heirs, or having such heirs, they should die, before they arrive at mature age, then to her brothers by her mother’s side, and their heirs forever.” '
The marriage took place; the only issue was one son, who died at the age of sixteen years ; the mother having died soon after his birth. This bill was filed by her brothers of the full blood, who claim the property under the marriage settlement, in the events which have taken place. A demurrer was filed by Carroll, the husband, which was overruled by the vice-chancellor ; and the cause brought to this court.
It is insisted, in argument, that the instrument having been executed in Tennessee, by parties resident there at the time, and the marriage having taken place there, must be construed according to the laws of that state. We concur in this view. The law of the place of the contract must determine its validity, *805 and govern the extent of its operation, unless it were made with a view to its execution elsewhere. Story’s Con. Laws, 200, 3.
It is next contended that the supreme court of Tennessee, has settled the construction of instruments of this character, and that we must follow their decision. The case of Polk v. Faris, 9 Yerger, 207, is relied on as having this effect. The material words of the instrument in that case, were “ to have and to hold the said property (slaves) to her during and until the full end and term of her natural life, and after the determination of that estate, then to the heirs of the body of the said Agnes Brown, lawfully issuing, and for default of such issue, lawfully begotten, then to me and my heirs forever.”
The court, on the authority of the rule in Shelly’s case, held that the whole estate vested in the first taker. The court stated the rule as defined by Mr. Preston, and abridged by chancellor Kent in his Commentaries, vol. 4, p. 215, which however hardly does entire justice to the full and comprehensive definition of the former. The rule, in the words of Mr. Preston, is, that, “When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and afterwards in the same deed, will, or other writing, there is a limitation by way of remainder, with or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally, or his heirs of his body; by that name in deeds or writings of conveyance, and by that or some such name in wills, and as a class or denomination of persons, to take in succession from generation to generation; the limitation to the heirs will entitle the person or ancestor himself to the estate or interest imported by that limitation.” Prest, on Est. 263.
In legal effect there is certainly no difference between the words of the instrument in the case of Polk v. Faris, above cited, and those in this case. Two reasons have been assigned in argument, however, for a different construction. The first is, in the case before us the question grows out of a marriage agreement; in the other it was a deed of gift to a child.
*806 The answer to this is, that marriage agreements already executed, are subject to the same rules, with limitations contained in other instruments. It is only in cases of marriage articles, where the settlement is thereafter to be made, and the trusts are executory, that an exception to the general rule is permitted. 1 Prest. Est. 887, 93. The doctrine is thus laid down, in a treatise upon the subject: “ A settlement actually made, is construed according to the strict legal rules of construction. If, therefore, by a settlement before marriage, without articles, the estate is limited to the use of, or in trust for the settler for life, with remainder to the use of, or in trust for the heirs of his body, he will be considered as tenant in tail; though, under articles so expressed, he would only be considered as tenant for life.” Atherley on Marriage Settlements, 151; 25 Law. Lib. 79. In the case before us the settlement was executed before the marriage, and there is no room for the exception.
The other reason assigned is, that the slaves belonged to the wife before marriage, and the husband joined in the conveyance. This does not vary the rule. Without a settlement, as the law stood in Tennessee, the husband would have acquired a right to all the personal property of the wife in possession at the time of the marriage. By marriage agreement the marital rights are excluded, only to the extent, that a valid legal instrument operates to do so. If the instrument transcend the limits prescribed by law, and thus defeat its own end and object, it has no effect. Under the circumstances the husband’s rights in this instance must prevail.
We wish it however to be distinctly understood, that this opinion is given solely with reference to the laws of Tennessee. It is a case of first impression in this state, and we wish no misapprehension of our views on the point. We have a strong belief, that the statute of this state has changed the rule on this subject, and relieved it from the intricacy and embarrassment which have perplexed the common law and involved it in minute and subtle distinctions and refinements. The case of Booher v. Booher, 5 Hum., shows that in Tennessee, words *807 of apparently the same meaning in common parlance, with those in Polk v. Faris, have received a very different construction.
We extracted the rule from Preston at length, that we might place itin contrast and connection with the simple and plain provisions of our statute. The proviso to the section abolishing entails says, — “ Provided that any person may make a conveyance or devise of lands to a succession of donees then living, and the heir or heirs of the body of the remainder-man, and in default thereof, to the right heirs of the donor in fee simple.” H. & H. sect. 24, p. 348. The boundaries of such limitations are here clearly defined.
A rule not less explicit is also prescribed in regard to contingent limitations and executory devises, and a principle of construction laid down which frees these matters of much of the obscurity, which has proved so fruitful a source of litigation in other states. Ib. 349, sec. 26.
On the whole, the decree of the court below is reversed, and the bill dismissed.